**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF CONNECTICUT; THE OFFICE OF HIGHER EDUCATION; TIMOTHY LARSON, the Commissioner of Higher Education, in his official capacity; THE BOARD OF REGENTS FOR HIGHER EDUCATION; THE BOARD OF TRUSTEES OF THE UNIVERSITY OF CONNECTICUT.<br><br>Defendants. | Civil No. 3:26-cv-1278<br><br>**RULE 26(f) REPORT OF PARTIES' PLANNING MEETING** |

**Date Complaint Filed:** 08/10/2026

**Date Complaint Served:** All Defendants served by 08/24/2026

**Date of Defendants' Appearance:** 09/11/2026

**Pursuant to Fed. R. Civ. P. 16(b), 26(f) and D. Conn. L. Civ. R. 16, a conference was held on** 10/21/2026. **The participants were:**

Luke A. Miller **for plaintiff** United States of America

Darren P. Cunningham and Shawn L. Rutchick **for defendants State of Connecticut; The Office of Higher Education; Timothy Larson; The Board of Regents for Higher Education; and The Board of Trustees of the University of Connecticut.**

## I. Certification

**Undersigned counsel (after consultation with their clients) and any undersigned self-represented parties certify that (a) they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case; and (b) they have developed the following proposed case management plan. Counsel further certify that they have forwarded a copy of this report to their clients.**

## II. Jurisdiction

### A. Subject Matter Jurisdiction

Plaintiff maintains that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1345 because the United States is the plaintiff and the case arises under the Constitution and laws of the United States.

The Defendants do not concede that the court has subject matter jurisdiction to hear this matter.

### B. Personal Jurisdiction

The parties do not contest personal jurisdiction.

## III. Brief Description of Case

Plaintiff asserts that the Supremacy Clause of the Constitution provides an avenue for challenging the lawfulness of state laws. When Congress acts within the scope of its constitutional authority, it may expressly preempt otherwise permissible state action under the Supremacy Clause. Express preemption occurs when Congress, through statutory language, explicitly supersedes all state enactments in a particular area. *P. Gas & Elec. Co. v. State Energy Res. Conserv. & Develop. Comm'n*, 461 U.S. 190, 203–04 (1983).

Plaintiff further asserts that federal law prohibits illegal aliens in our Nation from receiving in-state postsecondary education benefits on the basis of residence that are denied to out-of-state U.S. citizens. *See* 8 U.S.C. § 1623(a). The United States maintains that Conn. Gen. Stat. §§ 10a-29(9), 161d, 77(f), 19m, and 173(d) (collectively, "the Challenged Laws") extend eligibility for in-state tuition and related benefits at Connecticut postsecondary education institutions to illegal aliens, while withholding the same benefits from U.S. citizens from other states.

Specifically, plaintiff asserts that Section 10a-29(9) establishes the criteria for resident

tuition in Connecticut, and the United States alleges that, by its terms, resident illegal aliens[1] are eligible. By the same residency criteria, the United States alleges that other Challenged Laws also extend eligibility for benefits such as grants and financial aid to illegal aliens on the basis of in-state residence. Using the same residency-based standard, the United States alleges the following: Section 10a-161d entitles illegal aliens to institutional financial-aid eligibility while failing to provide similar protections to U.S. citizens from other states; Section 10a-77(f) denies eligibility for institutional financial aid at twelve Connecticut State Community College campuses to U.S. citizens not residing in Connecticut while offering it to illegal aliens; Section 10a-19m makes illegal aliens who meet a threshold of residency in Connecticut and maintain that status for at least five years eligible for student loan reimbursement payments while denying U.S. citizens not residing in Connecticut that same benefit; and Section 10a-173(d) offers illegal aliens residing in Connecticut eligibility for the Roberta B. Willis need-based grant without extending eligibility to U.S. citizens who do not reside in Connecticut.

Accordingly, the United States alleges, the Challenged Laws are expressly preempted by federal law.

The Defendants assert that the Court lacks jurisdiction to hear this matter and, *inter alia*, the Connecticut state laws identified in the Complaint, facially and/or as applied, do not violate federal law.

**A. Claims of Plaintiff:**

1. Violation of the Supremacy Clause (Preemption of Conn. Gen. Stat. § 10A-29(9) – Tuition)

---

[1] As a matter of policy and the law, the State of Connecticut will use the term "undocumented immigrants" instead of "illegal aliens."

2. Violation of the Supremacy Clause (Preemption of Conn. Gen. Stat. § 10A-161d – Financial Aid)
3. Violation of the Supremacy Clause (Preemption of Conn. Gen. Stat. § 10A-77(f) – Financial Aid)
4. Violation of the Supremacy Clause (Preemption of Conn. Gen. Stat. § 10A-173(d) – Financial Aid)
5. Violation of the Supremacy Clause (Preemption of Conn. Gen. Stat. § 10A-19m– Loan Reimbursement)

**B. Defenses and Claims (Affirmative Defenses, Counterclaims, Third Party Claims, Cross Claims) (either pled or anticipated) of Defendants:**

The Defendants are still developing their responsive pleading and will submit it in accord with the Court's current scheduling order. At this time, the Defendants assert they will file a motion to dismiss, which may include affidavits and/or other proper documents, pursuant to Federal Rule 12(b)(1) and (6) asserting, *inter alia*, that: (1) the United States lacks standing because the United States has not alleged any injury to the federal government; (2) certain statutes do not provide any benefits to undocumented immigrants; (3) Section 1623 does not expressly preempt Connecticut law because, *inter alia*, the challenged provisions of Connecticut law do not prevent nonresident citizens from receiving equivalent postsecondary education benefits; (4) if the United States is correct that Section 1623 applies, it regulates Connecticut and not private actors and, therefore, violates the anticommandeering principle and cannot have preemptive effect; and (5) the Tenth amendment empowers the state of Connecticut to pass and execute the challenge laws.

**C. Defenses and Claims of Third Party Defendant/s:**

N/A

## IV. Statement of Undisputed Facts

**Counsel and self-represented parties certify that they have made a good faith attempt to determine whether there are any material facts that are not in dispute. The following material facts are undisputed:**

- Conn Gen. Stat. §§ 10a-29(9), 10a-161d, 10a-77(f), 10a-173(d), and 10a-19m were duly enacted and have the force of law.
- 8 U.S.C. § 1623 was duly enacted and has the force of law.
- Defendant Office of Higher Education (the "OHE") is an executive branch agency of the State of Connecticut that administers a variety of programs related to postsecondary education including loans, grants, and scholarships.
- Defendant Timothy Larson is the Commissioner of OHE (the "Commissioner").
- The Commissioner is responsible for implementing the policies and directives of OHE.
- Defendant the Board of Regents for Higher Education (the "Board of Regents") is the governing body for Connecticut State Colleges and Universities ("CSCU"), the system of Connecticut public higher education institutions composed of the Connecticut State Community College, the Connecticut State University System, and Charter Oak State College.
- The Board of Regents has the statutory authority to, *inter alia*, "establish tuition and student fee policies for" CSCU.
- Defendant the Board of Trustees of the University of Connecticut (the "Board of Trustees") is the governing body for the University of Connecticut ("UConn").
- The Board of Trustees has the authority to, *inter alia*, "fix fees for tuition" at UConn.

## V. Case Management Plan:

### A. Initial Disclosures

**Initial disclosures will be served by** N/A. The parties agree that this case concerns only issues of pure law that can be decided through dispositive motions without the need for discovery or trial. Neither party seeks damages. Therefore, the parties believe initial disclosures are unnecessary.

### B. Scheduling Conference

**1. The parties** request **to be excused from holding a pretrial conference with the Court before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b).**

**2. The parties prefer that a scheduling conference, if held, be conducted** by telephone.

**C. Early Settlement Conference**

**1. The parties certify that they have considered the potential benefits of attempting to settle the case before undertaking significant discovery or motion practice. Settlement is** unlikely at this time.

**2. The parties** do not request **an early settlement conference.**

**3. The parties prefer a settlement conference, when such a conference is held, with** the presiding judge.

**4. The parties** do not **request a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 16.**

**D. Joinder of Parties, Amendment of Pleadings, and Motions Addressed to the Pleadings**

**The parties have discussed any perceived defects in the pleadings and have reached the following agreements for resolution of any issues related to the sufficiency of the pleadings.**

**1. Plaintiff(s) should be allowed until** October 30, 2026 **to file motions to join additional parties and until** October 30, 2026 **to file motions to amend the pleadings. Motions filed after the foregoing dates will require, in addition to any other requirements under the applicable rules, a showing of good cause for the delay.**

**2. Defendant(s) should be allowed until** November 6, 2026 **to file motions to join additional parties and until** November 6, 2026 **to file a response to the complaint, or any amended complaint. Motions filed after the foregoing dates will require, in addition to any other requirements under the applicable rules, a showing of good cause for the delay.**

**E. Discovery**

**a. Recognizing that the precise contours of the case, including the amounts of damages at issue, if any, may not be clear at this point in the case, in making the proposals below concerning discovery, the parties have considered the scope of discovery permitted under Fed. R. Civ. P. 26(b)(1). At this time, the parties wish to apprise the Court of the following information regarding the "needs of the case":**

The parties agree that this case concerns only issues of pure law that can be decided through dispositive motions without the need for discovery or trial.

**b. The parties anticipate that discovery will be needed on the following subjects:** none. *See supra*, Part V.E.a.

**c. All discovery, including depositions of expert witnesses pursuant to Fed. R. Civ. P. 26(b)(4), will be commenced by** N/A **and completed (not propounded) by** N/A. *See supra*, Part V.E.a.

**d. Discovery** will not **be conducted in phases.** *See supra*, Part V.E.a.

**e. If discovery will be conducted in phases, describe each phase and state the date by which it will be completed by:** N/A *See supra*, Part V.E.a.

**f. The parties anticipate that the plaintiff(s) will require a total of** 0 **depositions of fact witnesses and that the defendant(s) will require a total of** 0 **depositions of fact witnesses. The depositions will commence by** N/A **and be completed by** N/A. *See supra*, Part V.E.a.

**g. The parties** will not **request permission to serve more than 25 interrogatories.**

**h. Plaintiff** does not **intend to call expert witnesses at trial. Defendants** do not **intend to call expert witnesses at trial.**

**i. Parties will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) on any issues on which they bear the burden of proof by** N/A. *See supra*, Part V.E.a. **Depositions of any such experts will be completed by N/A.** *See supra*, Part V.E.a.

**j. Parties will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) on any issues on which they do not bear the burden of proof by** N/A. *See supra*, Part V.E.a. **Depositions of such experts will be completed by** N/A. *See supra*, Part V.E.a.

**k. A damages analysis will be provided by any party who has a claim or counterclaim for damages by** N/A.

**l. Undersigned counsel (after consultation with their respective clients concerning computer-based and other electronic information management systems, including historical, archival, back-up and legacy files, in order to understand how information is stored and how it may be retrieved) and self-represented parties have discussed the disclosure and preservation of electronically stored information, including, but not limited to, the form in which such data shall be produced, search terms and/or other techniques to be used in connection with the retrieval and production of such information, the location and format of electronically stored information, appropriate steps to preserve electronically stored information, and the allocation of costs of assembling and producing such information. The parties agree to the following procedures for the preservation, disclosure and management of electronically stored information:** N/A. *See supra*, Part V.E.a.

**m. Undersigned counsel (after consultation with their clients) and self-represented parties have also discussed the location(s), volume, organization, and costs of**

**retrieval of information stored in paper or other non-electronic forms. The parties agree to the following procedures for the preservation, disclosure and management of such information:** N/A. *See supra*, Part V.E.a.

**n. Undersigned counsel and self-represented parties have discussed discovery procedures that minimize the risk of waiver of privilege or work-product protection, including procedures for asserting privilege claims after production. The parties agree to the following procedures for asserting claims of privilege after production:** N/A. *See supra*, Part V.E.a.

**F. Other Scheduling Issues**

**The parties propose the following schedule for addressing other issues pertinent to this case:** N/A.

**G. Summary Judgment Motions**

**Summary judgment motions, which must comply with Local Rule 56, will be filed on or before** December 4, 2026.

**H. Joint Trial Memorandum**

**The joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed by** N/A. *See supra*, Part V.E.a.

**VI. TRIAL READINESS**

**The case will be ready for trial by** N/A. *See supra*, Part V.E.a.

**As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.**

Plaintiff

By */s/Luke A. Miller* Date: 10/26/2026

Defendant

By */s/Darren Cunningham* Date: 10/26/2026